## Malkin v. Compton et al.

November 12, 1948.

Joe P. Tackett for appellant.

J. B. Clarke for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The question presented is purely one of fact.

On September 4, 1945, Harry Malkin entered into a contract with Atlas Compton and D. K. Harris for the construction of two houses on lots in Prestonsburg. Compton and Harris were to furnish all the labor for a consideration of $2,000, of which $1,000 was paid to them in advance, and Malkin was to furnish all the materials. The houses were to be constructed according to plans and specifications which had been prepared. Malkin became dissatisfied with the progress of the work, and on November 27, 1945, addressed a registered letter to Compton and Harris notifying them that unless the houses were completed within three weeks from that date he would employ workmen and finish them. On December 3, 1945, he wrote to Compton and Harris notifying them that on that day he was taking over completion of the houses, and that he would keep an accurate account of the cost and if the cost did not exceed the total of the unpaid construction price the balance would be paid to them. On December 21, 1945, Compton and Harris brought an action against Malkin to recover $1,000, the balance alleged to be due them under the contract. They alleged in their petition that the defendant had wrongfully breached the contract by refusing to permit them to complete the work. They asked that they be adjudged a first and superior lien on the property, and that the property be sold to satisfy their lien. By way of counterclaim the defendant sought to recover from the plaintiffs the sum of $2,063.69. He alleged that in addition to the $1,000 paid to plaintiffs when the contract was signed he had paid a $120 labor bill incurred by them, and that the cost of constructing the houses, including the amounts paid to plaintiffs, was $2,934.69, or $934.69 in excess of the contract price. He also sought to recover $129 for damaged and lost materials and $1,000 damages to the houses caused by poor workmanship. A large amount of proof was taken, and, upon submission of the case, the chancellor found that

the defendant was indebted to the plaintiffs in the sum of $436.25. The defendant's counterclaim was dismissed, and he has appealed.

The evidence is in hopeless conflict. It is appellant's position that the appellees unnecessarily delayed the construction of the houses, and that he was justified in taking over and completing the work. He claims that much of the construction had been done in an unworkmanlike manner, and that he was put to considerable extra expense by reason of the defective construction by the appellees. He paid $679.84 for labor after he took over and worked a total of 946 hours himself. He valued his time at $1.25 an hour. The appellees testified that appellant failed to furnish material as it was needed, and that much of the material which he did furnish was secondhand and of inferior quality. They admitted that they were not working when appellant notified them that he was taking over, but claimed they were ill with influenza and were unable to work for two or three weeks. They stated that the work would have been completed long before December 3, 1945, if appellant had furnished the materials as they were needed. They testified that construction work on the two houses was nearly completed when appellant took over, and that two men could have completed one of them in three or four days and the other in twelve days.

As heretofore stated, the evidence on every item put in issue is hopelessly conflicting. A detailed recitation of the testimony would extend the opinion to an unreasonable length, and would serve no useful purpose. The case is peculiarly one for application of the rule that the chancellor's finding in an equity case will be adopted by this court where the evidence is conflicting and the truth doubtful. Williams v. Hunter, 290 Ky. 730, 162 S. W. 2d 541.

Judgment is affirmed.